**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**JOHN J. BOWMAN, JR.,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　**Civil Action No. 1:10CV106**
　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**ANYA KOVSLEK, et al,**

    **Defendants.**

**ORDER DENYING PLAINTIFF'S THIRD MOTION FOR EXTENSION (DKT. 82),
ADOPTING REPORT AND RECOMMENDATION (DKT. 74), AND GRANTING
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (DKT. 48)**

**I. PROCEDURAL HISTORY**

The Court has previously granted the pro se plaintiff, John J. Bowman, Jr. ("Bowman"), two extensions of the deadline to file objections to the Report and Recommendation ("R&R"), which recommends that this case be dismissed. The order granting Bowman's second motion for extension stated that the deadline of August 19, 2011, represented the final extension the Court would grant.

On August 19, Bowman filed a third motion for a further extension of the deadline, stating that he has not received materials pursuant to a Freedom of Information Act request which he asserts will assist him in filing his objections. Because any such documents would be immaterial to the resolution of this case, the Court **DENIES** the third motion for extension. For the reasons that follow, the Court **ADOPTS** the R&R in its entirety, **GRANTS** the motion

to dismiss, or in the alternative for summary judgment, filed by the defendants, and **DISMISSES** this case **WITH PREJUDICE.**

## II. ANALYSIS

Bowman formerly was an inmate in the custody of the federal Bureau of Prisons ("BOP"). After his release, he filed this civil rights action against several BOP officials, alleging that he was placed in the Special Housing Unit ("SHU"), a highly restrictive section of the BOP's correctional facility located in Morgantown, West Virginia. He claims that his placement in the SHU occurred without any due process, a violation of his Fifth Amendment rights, and that the 205 days he spent confined there constituted cruel and unusual punishment in violation of the Eighth Amendment.[1]

In the R&R, Magistrate Judge John S. Kaull concluded that, as the defendants argue in their motion to dismiss or for summary judgment, Bowman's complaint fails to state a claim under either the Fifth or Eighth Amendment to the United States Constitution. First, inmates possess no liberty interest in avoiding administrative segregation, such as placement in the SHU, that

---

1 Bowman additionally referenced the Fourth Amendment and a generalized right to privacy in his response to the defendants' motion. Given that he never amended his complaint to reflect any claim on these grounds, the Court need not address them. Nevertheless, the Magistrate Judge correctly found they are without merit.

could be protected under the Due Process Clause of the Fifth Amendment. See Beverati v. Smith, 120 F.3d 500 (4th Cir. 1997).

With respect to Bowman's Eighth Amendment claim, he does not allege any specific risk to his health or safety that, even if true, would rise to the level of cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825 (1994). Instead, he merely argues that the very fact of a lengthy confinement in the SHU constituted a per se Eighth Amendment violation in his case. He cites no actual harm he suffered, whether mentally or with regard to his physical health.

Nor does he cite any instance in which BOP officials neglected or disregarded any specific concern he brought to their attention, although he does allege that documents showing he stated that he had no mental health concerns were forged or altered. It is these supposed forgeries that Bowman seeks to produce through his Freedom of Information Act requests.

No matter what Bowman's investigation might reveal, his complaint on its face fails to state a claim. Inmates possess no liberty interest in remaining outside of administrative detention, and the mere placement in such a housing situation does not, without more, constitute cruel and unusual punishment. Thus, the

3

magistrate judge correctly concluded that, under Fed.R.Civ.P. 12(b)(6), Bowman's claim must be dismissed.

In conclusion, after a de novo review of the recommendations of the magistrate judge and the arguments Bowman sets forth in his response to the defendants' motion and his various motions for extensions, the Court **DENIES** the third motion for extension (dkt. 82), **ADOPTS** the R&R (dkt. 74) in its entirety, **GRANTS** the motion to dismiss, or in the alternative for summary judgment (dkt. 48), and **DISMISSES** this case **WITH PREJUDICE.** Because Bowman is proceeding pro se, the Court notes that any party wishing to appeal this decision must file a notice of its intent to appeal in writing with the Clerk of this Court within sixty days of the entry of the judgment order, pursuant to Fed.R.App.P. 4(a).

It is so **ORDERED.**

The Court directs the Clerk to prepare a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff via certified mail, return receipt requested.

DATED: August 22, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE